IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LINDA RENA MITCHELL,          )
                              )
          Plaintiff,          )
                              )
     v.                       )     CASE NO. 2:12-cv-383-TFM
                              )              (WO)
MICHAEL ASTRUE,               )
Commissioner of Social Security,  )
                              )
          Defendant.          )

## OPINION

## I. Introduction

Plaintiff Linda Rena Mitchell ("Mitchell") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and for supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that she is unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act.  The ALJ, therefore, denied the plaintiff's claim for benefits.  The Appeals Council rejected a subsequent request for review.  Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See  Chester v. Bowen*, 792

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

F.2d 129, 131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c), the parties have consented

to entry of final judgment by the United States Magistrate Judge.  The case is now before the

court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).   Based on the court's

review of the record in this case and the parties' briefs, the court concludes that the decision

of the Commissioner should be reversed and this case remanded to the Commissioner for

further proceedings.


## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)      Is the person presently unemployed?
> (2)      Is the person's impairment severe?
> (3)      Does the person's impairment meet or equal one of the specific
>          impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)      Is the person unable to perform his or her former occupation?
> (5)      Is the person unable to perform any other work within the
>          economy?

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III. The Issues

**A.  Introduction.**  Mitchell was 35 years old at the time of the hearing and has completed the tenth grade.  (R. 42, 157.)  She has prior work experience as a cashier.  (R. 151, 168-170.)  Mitchell alleges that she became disabled on November 1, 2008, from high blood pressure, panic and anxiety attacks, degenerative disc disease, and neurological problems. (R. 150.)  After the hearing, the ALJ found that Mitchell suffers from severe impairments of obesity, hypertension, and degenerative disc disease and non-severe impairments of depression and anxiety.  (R. 22, 24.)  The ALJ concluded that Mitchell is unable to perform her past relevant work as a cashier, but that she retains the residual functional capacity to perform sedentary work.  (R. 28.) Relying on the Medical-Vocational Guidelines as a framework, the ALJ found that a significant number of jobs exist that Mitchell could perform. (R. 28.)  Accordingly, the ALJ determined that Mitchell is not disabled.  (*Id*.)

**B.  The Plaintiff's Claim.**  As stated in the Complaint, Mitchell presents the following issue for review:

(1)    The Commissioner's decision should be reversed because the ALJ failed to follow the "slight abnormality" standard in finding that Mitchell's depression and anxiety are non-severe.

(2)    The Commissioner's decision should be reversed because the ALJ failed to properly apply the pain standard in Mitchell's case.

(Doc. No. 10, Pl's Br., p. 5.)

## IV. Discussion

Mitchell raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the Commissioner erred as a matter of law, and thus, this case is due to be remanded for further proceedings. Specifically, the court finds that the ALJ failed to consider Mitchell's anxiety and depression as severe impairments, failed to consider these mental impairments singularly and/or in combination with her physical impairments when determining her residual functional capacity to perform work, and improperly relied on the Medical-Vocational Guidelines when determining there are jobs that exist in significant numbers in the national economy that she can perform.

First, the court concludes that the ALJ erred in determining that Mitchell's depression and anxiety are non-severe impairments. The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval Social Security Ruling 85-28 at 37a).

A physical or mental impairment is defined as "an impairment that results from

5

anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 1382c(a)(3)(c). The plaintiff has the "burden of showing that [her] impairments are 'severe' within the meaning of the Act."  *McDaniel*, 800 F.2d at 1030-31.   Once the plaintiff establishes that she suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.

The medical records indicate that at least two mental health specialists have diagnosed Mitchell as suffering from depression and anxiety.  On October 19, 2009, Mitchell sought treatment from Dr. Joseph McGinn, a psychiatrist, for her complaints of depression and anxiety.  (R. 455.)  Dr. McGinn noted that Mitchell was currently taking Zoloft and that her motor activity was hyper, her affect was anxious, and both her insight and judgment, as well as her attention span, were fair.  (R. 458.)  He diagnosed depression NOS and panic disorder and prescribed Zoloft, Xanax, and other psychiatric medication.  (R. 459.)

On January 10, 2010, Mitchell sought treatment from Dr. Fernando Lopez, a psychiatrist.  (R. 490.)  Dr. Lopez noted that Mitchell was anxious, diagnosed bipolar disorder, prescribed Zoloft and Stavzor, and recommended counseling.  (*Id.*)

Dr. J. Michael Stanfield, a family practitioner also provided treatment for Mitchell's anxiety.  On January 18, 2010, Mitchell went to Dr. Stanfield complaining of side effects from her psychiatric medication.  (R. 492.)  Dr. Stanfield noted that Mitchell was anxious, advised her to stop taking Zoloft and Stavzor, and renewed her prescriptions for Paxil and Xanax.  (R. 493.)  During a visit on February 8, 2010, Dr. Stanfield noted that Mitchell was

currently taking Paxil and Zanax and that she appeared anxious.  (R. 494-495.)  On March 3, 2010, Mitchell went to Dr. Stanfield complaining that "Xanax [was] not helping."  (R. 498.)  Dr. Stanfield assessed "Anxiety - Worsening" and increased her prescription for Paxil from 12.5 milligrams to 25 milligrams.  (R. 499.)  During a visit on April 5, 2010, Dr. Stanfield noted that Mitchell was anxious and recommended that she discontinue Xanax and prescribed Ativan.  (R. 501.)

On April 27, 2011, Dr. Lopez completed a psychiatric questionnaire form, in which he found that Mitchell has marked restrictions in her ability to (1) interact appropriately with the general public; (2) understand, remember and carry out complex instructions and repetitive tasks; (3) maintain attention and concentration for extended periods; (4) perform activities within a schedule, maintain regular attendance, and complete a normal workday or workweek without interruptions from psychologically based symptoms; (5) perform at a consistent pace;  and (6) respond appropriately to changes in the work setting.  (R. 544-546.)  He also concluded that Mitchell is extremely limited in her ability to respond to customary work pressures.  (R. 545.)  Dr. Lopez concluded that "[d]ue to the chronicity of her mood disorder this lady is unable to function socially or vocationally [and that] she needs treatment."  (R. 546.)

The Commissioner argues that the ALJ's failure to consider Mitchell's depression and anxiety as severe impairments is harmless error because "he proceeded beyond step two to consider the evidence of Plaintiff's alleged depression and anxiety in assessing her residual

7

functional capacity between steps three and four." (Doc. No. 13, Def's Br., p. 7.) The problem with the Commissioner's argument is that the ALJ could not have properly considered the effects of Mitchell's mental impairments on her ability to perform work because the ALJ ignored evidence that Mitchell suffers from severe impairments of anxiety and depression.

The court further concludes that the ALJ erred in mechanically applying the Medical-Vocational Guidelines and in not obtaining vocational expert testimony. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2. Exclusive reliance on the grids is appropriate only when a claimant has no non-exertional impairments that significantly limit his basic work activities. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995); *Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985). In this Circuit, depression is a non-exertional restriction on an individual's ability to work. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) (reversing ALJ's decision for failure to incorporate severe impairments of anxiety and depression into hypothetical to vocational expert). Thus, the ALJ erred in concluding that Mitchell was not disabled based solely upon the Medical-Vocational Guidelines.

It is plain that the plaintiff suffers from non-physical impairments. What is not plain is the effect of those impairments. "'Even a "mild" mental impairment may "prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.'" *Allen v. Sullivan*, 880 F.2d 1200, at 1202 (11th Cir. 1989).

For these reasons, the court concludes that the Commissioner erred as a matter of law,

and that the case should be remanded for further proceedings regarding the severity of the plaintiff's depression and anxiety and their effect on her ability to work. The ALJ must consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe – either singly or in combination – to create a disability. *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986). All of the plaintiff's impairments must be considered in combination even when the impairments considered separately are not severe. *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985). In light of the ALJ's failure to fully and fairly consider the evidence in the record of the plaintiff's anxiety and depression, the court concludes that the ALJ failed to meet his burden in this regard. As a result of his failure to consider the plaintiff's impairments in combination, doubt is necessarily cast upon the ALJ's conclusion that the plaintiff is not disabled.

## V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

DONE this 11th day of December, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE